Georgette DOUSTOU, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary, United
States Department of Health and
Human Services, Defendant.

Civ. No. 85–0262 P.

United States District Court,
D. Maine.

July 31, 1986.

Michael A. Bell, Portland, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

ORDER AFFIRMING THE DECISION
OF THE SECRETARY

GENE CARTER, District Judge.

This is an appeal, pursuant to 42 U.S.C.
§ 405(g), of the Secretary's decision deny-

ing Georgette Doustou's application for disability benefits. The United States Magistrate has issued a Report and Recommended Decision concluding that substantial evidence supports the Secretary's decision, to which Plaintiff has filed an objection. This Court accepts the Recommended Decision of the Magistrate and affirms the decision of the Secretary.

The Plaintiff alleges that she was disabled for the period of August 21, 1980 through the end of March 1981,[1] based upon a back condition, angina, and resulting symptoms. Plaintiff injured her back in August 1976 when she pulled on an incinerator door at work. She subsequently underwent surgery to remove the L4–5 lumbar disc after conservative forms of treatment failed to relieve her pain, but testified that the surgery was not successful in that regard. On August 8, 1980, her treating physician, Dr. Parisien, noted that Plaintiff continued to complain of persistent low back pain and leg pain without improvement. He further noted that Plaintiff was under active treatment and receiving epidural injections of steroids. Record at 210. In a letter of June 22, 1984, Dr. Parisien stated that he last saw Mrs. Doustou on December 15, 1981, and that at that time she was experiencing little pain in her back or neck. Record at 237.

On August 2, 1979, a cardiac exam was performed by Dr. Merrill M. Szucs, who stated that the exam was "entirely within normal limits." Record at 193. Prior to that exam, on June 26, 1979, Plaintiff had been unable to complete a treadmill test due to dizziness and pain. Record at 172. However, Dr. Szucs concluded that the Plaintiff "[did] not have clinically significant coronary artery disease at [that] time and [was] not disabled from such." Record

at 193. However, the Medical Advisor in this case, Dr. Aranson, testified that this was a positive treadmill, indicating atypical angina pain, although it did not indicate disease meeting the listings. Dr. Parisien, Plaintiff's treating physician regarding her back injury, indicated in a letter of June 22, 1984 that as of December 15, 1981, he knew of no heart impairment in the Plaintiff.

The Medical Advisor testified at the administrative hearing that although neither Plaintiff's back or heart condition precluded sedentary work in and of themselves, the combination of these conditions, along with Plaintiff's resulting symptoms, precluded any type of sedentary work. Record at 65. Dr. Aranson further testified that Plaintiff's condition equaled the listings of impairments at Appendix 1 of 20 C.F.R. 404, Subpart P. of the Secretary's Regulations. Record at 67.

The ALJ found that Plaintiff had severe orthopedic and cardiac conditions, but that she did not have an impairment or combination of impairments equal to the listings. Record at 22, 24. He also found that Plaintiff had the capacity for sedentary work during the period in question. Record at 22–23, 25. Applying the Medical-Vocational Guidelines, the ALJ found the Plaintiff to be not disabled. Record at 24, 25. The ALJ's conclusion became the final decision of the Secretary. The Magistrate recommended that the Secretary's decision be affirmed.[2]

Plaintiff argues, in her objections to the Magistrate's Report, that the ALJ unduly circumscribed Plaintiff's presentation of her position on the issue of the proper analysis to be given her pain, failed to

---

1. The issue of Plaintiff's entitlement to benefits prior to August 21, 1980 has already been determined by the Secretary.

2. The Magistrate reached the following conclusions. He determined that the ALJ did not eliminate consideration of Plaintiff's pain contrary to *Kinney v. Heckler,* 608 F.Supp. 454 (D.Me.1985), or fail to consider her impairments in combination. The Magistrate also determined that the ALJ did not improperly exclude the Medical Advisor's testimony regarding the medical consistency of Plaintiff's symptoms and underlying condition, substitute his own judgment for expert medical opinion, or improperly rely upon evidence prior to 1980. The Magistrate found that the ALJ gave careful consideration to the various medical reports and that substantial evidence supported the Secretary's decision.

consider the combined effects of her impairments, and substituted his judgment for that of the Medical Advisor.

■ This Court concludes that the ALJ did not improperly treat, or unduly circumscribe, Plaintiff's evidence of pain. The ALJ did not, as Plaintiff asserts, determine that pain is irrelevant to an analysis of whether Plaintiff's condition was equivalent to the listings. In making his determination that Plaintiff's condition did not equal the listings, the ALJ relied upon evidence that Plaintiff was not experiencing disabling pain during the period in question. Specifically, in regard to her back condition, he relied on two letters written by Plaintiff's treating physician, Dr. Parisien. The first, written on June 22, 1984, indicated that as of December 15, 1981, Ms. Doustou had little pain in her neck or back and was not disabled from either condition. Record at 22, 237. The second, written on November 14, 1984, indicated that, as of December 15, 1981, Ms. Doustou had achieved "considerable relief of pain in the back and neck" and had not consulted a doctor for these complaints again until September 13, 1984. Record at 22, 256. The ALJ further relied upon Dr. Parisien's office notes from August 1980 to December 1981, which show varying symptoms rather than a sustained condition. There is also evidence, although not specifically relied upon by the ALJ, that even when Ms. Doustou was experiencing symptoms, they were not disabling. Record at 40.

In regard to Plaintiff's cardiac impairment, the ALJ accepted the Medical Advisor's analysis of her symptoms and concluded that she did suffer from angina, although a consulting physician found no clinically significant coronary artery disease. Record at 23. However, he found that she was able to exercise without pain "well beyond the level considered disabling" in the listings. Record at 23.

■ In considering Plaintiff's impairments in combination, the ALJ determined that in order to establish medical equivalence to a listed impairment where a claimant does not have any single impairment which meets the listings, the ALJ must compare the Plaintiff's *symptoms, signs,* and *laboratory findings* manifested by the combined conditions to the most closely related impairment in the listings. Record at 23.[3] In addition to identifying a *standard* for determining whether a claimant's impairments equal the listings which includes symptoms such as pain, the ALJ included Plaintiff's symptoms in his analysis, including Dr. Parisien's notes regarding Plaintiff's symptoms and the treadmill tests conducted by Dr. Szucs.[4]

■ Plaintiff also contends that the ALJ did not properly consider Plaintiff's symptoms in combination. The Medical Advisor testified that while neither impairment was disabling alone, the symptoms for both in combination were disabling because Plaintiff's angina prevented her from exercising in order to remedy her back condition. However, an inability to actively exercise does not necessarily indicate an inability to engage in sedentary activity. The ALJ explicitly considered the limitations imposed by these impairments and concluded that they were essentially equivalent, each leaving open the capacity for sedentary work. Record at 22. His conclusion was based on evidence in the record, previously noted,

---

**3.** The listings are intended to provide a basis for quickly determining disability based upon medical conditions which ordinarily prevent an individual from engaging in gainful activity. The ALJ's interpretation of SSR 83–19 that subjective symptoms alone are insufficient to support a finding that a claimant's condition equals the listings, absent an equivalent underlying medical condition which ordinarily produces symptoms which would prevent gainful employment, is consistent with the purpose of the listings. It does not preclude an ultimate finding that Plaintiff is disabled. There was no evidence here that Plaintiff's underlying conditions met or equaled the listings.

**4.** The ALJ apparently precluded some medical testimony on the issue of whether Plaintiff's symptoms were consistent with her underlying condition, because counsel improperly phrased the question so as to encompass a determination reserved to the factfinder. However, the ALJ's ruling was not in error, and counsel was free to properly introduce the intended evidence.

that Plaintiff was experiencing relief from her back symptoms during the period in question, was not prevented by her back condition from walking for short distances or lifting light objects, did not have clinically significant heart disease, and was not prevented by her heart condition from performing at least part of an exercise test. While the record also includes some contrary evidence, it does not prohibit the ALJ from arriving at the conclusions reached.

 Finally, the ALJ did not substitute his judgment for that of the Medical Advisor. As noted, there were other medical opinions and evidence in the record on which the ALJ could reasonably rely.

Accordingly, the Magistrate's recommendation is accepted and the Secretary's decision is hereby AFFIRMED.

So ORDERED.